Next case for argument Manistee Apartments, LLC v. City of Chicago Anthony Barone on behalf of the appellate Manistee Apartments. Your Honor, the time was shortened after I had put in time for rebuttal and I had asked for five minutes. Can I get three minutes instead? Go ahead. Thank you. Your Honor, we don't contest that this case began with a constitutional judgment and a constitutional lien. What made it unconstitutional, what caused it to violate my client's due process rights... Stay close to the microphone. I'm sorry, was when the City of Chicago informed my client without prior notice and with no opportunity for a hearing that in order to release the lien that they had filed on my client's property, my client would have to pay sums in excess of the amount of the judgment and the post-judgment interest which would have occurred. Is this case only about the $2,115.16? No, it's about that they wanted from you above the, you know, the $5,600. At this point, Your Honor, it was filed as a class action. That's ridiculous. Who litigates over $2,000? We've alleged, Your Honor, that it is a widespread city practice and there is a large class, that the city always does this, that the city without seeking the pre-deprivation hearing, which is provided for in the Municipal Code, always demands sums in excess of the amount of the judgment and their lien before they will release it. So how large is this class you want to represent? Your Honor, this case was dismissed on a motion to dismiss. I don't know how large the class is. Well, there has to be some guess on it. There's three law firms on this. I believe there's probably right. That's why with this $2,000 case, we're getting a lot of briefs and a lot of time. Yes, Your Honor. Okay. The Supreme Court in Doar certainly found that a lien is entitled to due process protection. So what happened here is when the city refused to release its lien, it interfered with my client's ability to sell its property and it Why would you agree to pay this money? Your Honor, we specifically alleged that we paid it under protest and that the city refused to reduce the amount. The city insisted on a number. We had a contract to sell the property at that point in time. So under duress, we paid the amount. Would you think the original lien was wrong? No, I think the original lien and the extra money is when it became unconstitutional, not when they demanded, when they refused to release the lien unless they were paid for their collection costs, which they had not been awarded at that point in time. Well, theoretically, there's a lot of time that put into trying to get this thing paid and collected, etc. You may think, what is it, 9%? Something? They were entitled to the post-judgment interest. I'm not quarreling that, Your Honor. They were entitled to get paid for the judgment amount and they were entitled to get paid for the post-judgment interest and there was nothing wrong with their demand for that. Okay, so what do we narrow down to then? You've got the amount that's owed and plus interest at 9%, I think. Correct, Your Honor. So what's left? What's left is they demanded that they get paid for their collection costs. How much is that? Roughly, Your Honor, I would think it's about $1,500 here when you subtract the post-judgment interest. So it's not even about $2,100? About $1,500? There's clearly, though, Your Honor, a constitution. You're right. No, this is just about a class action because no one would litigate a federal suit over $1,500. I think you're right, Your Honor. The only expeditious way to bring a suit like this is if you do it as a class. Well, that's what the lawyers want, of course. They want a big payoff, their fees. That's why class actions are brought normally. They're brought by the lawyers. The lawyers think it up. The lawyers sue. If they're lucky, they get a big chunk of money. There are certainly instances of that. It's always the case. The class actions, aren't they always the lawyer's idea? Frequently, they're the lawyer's idea, yes, Your Honor. Because the members of the class are usually little people. They don't think in terms of bringing lawsuits. Then the lawyers come along and they say, look, do you remember the class? Little people in this case, though, whose due process rights were violated. Pardon? By the city of Chicago. The city of Chicago seized their property. The initial seizure, as I said, was constitutional. But then the city would not release that lien unless the city got money it demanded that no court, no process had found that the city was entitled to. In fact, we've alleged in the complaint, so the statute, which allows the city to get its collection costs, only allows it to get the collection costs, not the cost to procure the judgment. And we've alleged in the complaint that we were advised by the city when we were talking about getting this lien released and having this paid off, that the city was seeking its costs to both procure and collect. So the city is the one that's taking advantage of people here. The city had a process that the city didn't follow. Then how do you explain the district court's ruling? The district court ruled that my client voluntarily relinquished or voluntarily paid, and that doesn't comport with several things. First of all, the case was decided on a motion to dismiss. We have specifically alleged that the payment was under protest. We have specifically alleged that the payment was under duress. We gave facts why the payment was under duress.  And that real estate contract had a time is of the essence clause. In addition, I think the district court's opinion does not comport with the law. The Illinois Supreme Court in Geary said that money paid to release property under seizure is not paid voluntarily. The United States Supreme Court in McKesson said that money paid to alleviate a seizure is not paid voluntarily. There's an Illinois appellate court case that I cited, Raintree, which I think is right on point, which said that money paid under a business compulsion, a business necessity, is not paid voluntarily. The Geary court also said that money paid under protest is not paid voluntarily. What about money paid under relinquishment or something? You realize, okay, you know, we're going to pay it. I don't think anybody likes to pay more than they have to. It's always been any kind of a settlement or agreement or compromise or something else. I don't know what the negotiations were here, but the city does have some money in the game, I guess. You may say, well, they didn't have to do anything or they work all the time anyway. It doesn't matter. I don't know. I think the city absolutely. So the city's main argument is this was a settlement negotiation. I think the city certainly could have engaged in settlement negotiations, but when we got to the point in time where the city refuses to release the lien unless it receives payments of amounts that it had not been awarded, that's when the deprivation occurs. That's when the seizure continues. That doesn't stop the city, however, from saying to my client, Manistee, if you don't settle this case with us, if you don't pay us this sum of money, we will file an action and get an award of those collection costs. But they didn't have an award at the time of the seizure. At the time of the seizure, they deprived us of due process, and we were clearly entitled to a pre-deprivation hearing at that point in time or pre-deprivation process. Well, what the defendant says, Manistee failed to appear at an administrative hearing on its violations of the Chicago Building Code. Then it failed to challenge the judgment or to pay it for more than two years. Is that true? Is that true? Yes, Your Honor. Well, it's pretty damaging. Our allegation in the complaint, Your Honor, was that we did not learn about the lien until we had the contract to sell the property that had been sent to an old address for a registered agent. But again, for purposes of this case, I'm not contesting that that judgment and the original lien was constitutional. But when they seized our property, it didn't matter how long it was. We were entitled to a pre-deprivation process. The city has not put into play any of the balancing issues of Matthews. The city has not alleged any exigent circumstances. But you do owe the money. I don't know that I owe the money. Well, according to this, which you just said was correct, it failed to challenge the judgment or to pay it for more than two years. I apologize. What I meant was that I don't know that we owe the collection costs over and above, which is what I'm complaining of, the money that the city had not been awarded. I agree, Your Honor, the amount of the judgment itself plus post-judgment interest, we owe. So what would be had in this pre-deprivation hearing, Mr. Veroni? So the city has a statute, and the city statute says that they give us notice, and at that point in time they go in in front of an administrative law judge, and they would show the administrative law judge their evidence of here's our collection costs. And obviously we could argue whether those related to procuring or those related to the collection, and the judge would make a ruling. The original $3,400 fine, you had an opportunity to challenge that, though, right? We're not quarreling about that. We said we didn't get notice, but we're not quarreling about that. We're taking the position. At that initial notice, is there an indication that fines will result if payment isn't due by a certain date? Is there a notice that when the original $3,400 is assessed or $3,400? To be honest with you, Your Honor, I don't know the answer to that. Well, that might be a pretty good indication of how much notice is due subsequent to that initial hearing, right? If you're told at the initial hearing X is the amount you owe, and if you don't, you have an opportunity to contest it initially, right? We had no opportunity to contest the collection costs. We did have an opportunity. No, no, no, not the collection. I understand. But the initial cost, the initial assessment, you have an opportunity to contest. Yes. And I'm asking at that hearing, are you told that if payment isn't secured by the city, that there will be additional interest in any event? I don't know the answer to that, Your Honor. Well, wouldn't that give you an indication that you're up against potential costs, at least, by not paying initially? It would, but our complaint isn't about notice. It's the lack of any type of hearing before the seizure, before the deprivation, before the demand for the increased amounts. Did you ask for a hearing? Only the city can initiate the hearing. We asked the city to accept payment of the lien amount plus the post-judgment interest, and the city said no, and we've also alleged that it was a widespread city practice that they always say no. So the city should, in those cases, actually inform people that there's going to be a hearing before you get those costs fondly assessed, the additional costs. That's what that statute requires. My positions were entitled to some sort of pre-deprivation process. That's the process that they had in place, some sort of hearing. They gave us no opportunity for any type of hearing. Okay. Well, thank you, Mr. Verrilli. Thank you. Mr. Newman? May it please the court. The judgment of the district court should be affirmed. Just briefly, the city obtained a default judgment against Manistee that Manistee failed to pay. We registered that judgment in the circuit court and recorded it as a lien on their real property. We began collections proceedings at that time, but they were fruitless in that moment. Two years passed. Manistee contacted the city and asked for us to give them a price to get out from under the lien. We did so. Manistee paid that price. This suit follows. Manistee alleges that by demanding an amount of money while holding an admittedly valid lien, the city deprived them of money without due process, or that by holding the lien while demanding an amount of money, we deprived them of their real property rights. This morning I will explain that no deprivation without due process has been alleged, and just quickly I'll note that on the question of whether amendment was futile will rest on our brief. What did you just say? On the question of whether the amendment or proposed amendment of the complaint would be futile will rest on the brief. To begin, as Manistee has conceded this morning, the underlying lien is itself the result of a constitutional process. Manistee had notice and an opportunity to be heard before that judgment was entered, and to very quickly go to Judge Flom's question, the judgment itself says in boilerplate language on page 2 that the city may seek collections costs and attorney's fees if you do not pay. The amount also that we are talking about in this particular case, I realize that I actually didn't do the math in the brief, is $1,394.82 of collection costs and attorney's fees. Now that amount was not determined after a hearing because no hearing occurred.  Collection costs and attorney's fees. I understand what attorney's fees are, but of course this is the city, and they attribute a certain amount. So what do the collection costs? Is filing something or letters? Recording the lien, filing the collections case, registering the judgment, hiring a special process server, those would all be. What's that? Hiring a special process server in the circuit court collections case. Okay, doing all that stuff. So that costs some money. A couple hundred bucks would be my guess, and the rest would be about $1,000 of attorney's fees. There's no itemization in the record, so we actually don't know the amount, but that's roughly my estimate. And that can happen in a lot of cases apparently. Yes. Yes, absolutely. Are there other cases like this filed? Like this case? Well, yeah. Or is your question going to how often are we adding, having these negotiations about collections costs and attorney's fees? Well, whatever you want to say. I'm just curious of how many potential and how many are actually going on. My guess is that, although it's not in the record, that there are a lot of people who owe us money for past due administrative judgments. And that can be discovered, I suppose. It could be. They allege thousands, and for now we can treat that as true. The allegation that they're trying to make is that the operation of this lien, which is a deprivation, admittedly, but it's a deprivation with due process, that it becomes somehow a new deprivation two years later when they ask for a payoff letter. As we argue in our brief, no matter what amount is demanded in that letter, it actually doesn't change the real property rights the manistee has. The deprivation of their real property rights is only emanating from the lien itself. And as we argue, if we demanded $1, it actually wouldn't change the lien's impairment on their ability to sell the property. So combining this demand, which manistee concedes in the reply brief, is not a deprivation, the demand alone. Combining this demand, which is not a deprivation, with a deprivation with due process, does not somehow turn it into a new unconstitutional deprivation. You know, this is one of three properties. Do you know if the other two are current? As far as I know, there was—actually, what I do know, I should say, is that the building code inspection on June 30, 2011, only found violations at this property. I don't know if the two adjacent properties were inspected, but I actually imagine they were. I know that you can go to cityofchicago.org today and search for find a building code violation. If you put in these addresses, you'll only find the one at 7957. So there's no property tax delinquency here? Not to my knowledge, no. What is the status of the class? What did the district judge do with the class? I believe it was just— He didn't certify it. It was just—the motion to certify was stayed pending the resolution of the motion to dismiss. So there was never any, I think, briefing on that issue other than the original motion for class certification, which was stayed. So if we reversed, then there would be a class certification procedure? I assume that would be the case. It would be difficult for me to imagine how Manistee would be typical. I can sort of see problems, but obviously that's not been briefed because it's not currently here. I want to get to a moment for this allegations about coercion and duress. Fundamentally, the problem with Manistee's complaint is that they allege they paid under protest and that they were coerced or under duress to pay. But everything that Manistee has alleged as giving rise to coercion and duress is its own fault. Manistee goes for two years with a publicly recorded lien on its property and is deemed to have constructed notice the moment that lien is recorded. And it apparently was unaware of it, but due process does not require actual notice, but rather methods reasonably calculated to achieve notice. So we serve them by mail as we are allowed under Illinois law of the underlying proceeding by sending it to the registered agent at the address listed with the Secretary of State. And then subsequently, this publicly recorded lien is really noticed to all the world, like all publicly recorded property records of the outstanding claim. Next, Manistee signs a contract saying, we promise to convey this property with clean title in about 31 days, not knowing that they don't have it at that moment. But again, that's due to their own ignorance and not chargeable to the city. And accordingly, the amended complaint simply restates the legal conclusion of coercion and duress. And they also add one more thing. They say that the city refused to accept a lesser amount than what was demanded in the payoff letter. This does not make coercion or duress that the city stuck to its position in this fairly short period of negotiations. As we know, that payoff letter is dated January 27th, and they in fact closed on January 28th. If anything, the city was effectively accommodating their need for expediency so that they could resolve the matter quickly and continue to make their closing date. Well, the coercion or duress, I sort of get the idea that that's implied, just because it's something they've got to do or they don't want to do. There wasn't any threat, there weren't any other things that went along with that. Do you know from the city? No, absolutely not, Your Honor. And this is distinct from a situation like in McKesson in the context of taxes, where if you do not pay, not only are there automatic penalties that increase over time, but there's even the threat of criminal prosecution for failure to pay taxes. And here, the letter says, pay this amount today and we'll resolve the whole thing. Otherwise, essentially, we can take you to court and get that amount. That we weren't more generous in these brief negotiations is not a constitutional concern. Just very quickly, I want to note there doesn't appear to be much confusion about the voluntary payment doctrine in state law, but because my colleague referenced Geary and Raintree Homes this morning, I will just quickly say that those two state cases are concerning a state law, common law defense to actions for refund. Those are not procedural due process cases at all, and the cases that we rely on and that the district court cited are due process cases, where the question is essentially, were you deprived of your property interest or did you choose to give it up? So any confusion because they say voluntary payment in both doctrines is merely because, in this case, the property interest at stake is money. Thank you. Mr. Newman, how are we to handle the argument about the municipal code allowing for the kind of procedure that Mr. Barone suggests? So Manistee has cited this section of the municipal code, 214103C, and there's a corresponding section of the Illinois Administrative Code that says exactly the same thing. Our code says the same thing because it's, I think, a home rule thing. And basically, they're reading this statute that says prior to being fixed by a hearing officer as before the city can even ask for it. Under their reading of that statute, which is plainly wrong, when they asked us for the payoff letter, we should have said, no, you can't have one. We're going to take you to court instead. We didn't do that. If we had ultimately not come to an agreement out of court for an amount owed, then that's the process that we would have been able to follow. I'll also note that that statute allows either going back to the Department of Administrative Hearings or going to a court of competent jurisdiction. And as we already had a pending collections case in the Circuit Court of Cook County, more likely we would go to that court for an award. I see my time has expired, and we'll ask that the judgment be affirmed. Okay, thank you very much, Mr. Newman. Mr. Barone, do you have anything further? The city only had a right to collect the amount of the original judgment and post-judgment interest. There was no negotiation. They refused to release their lien unless they were paid money, which they had not been awarded. They could have gone back to court to get their collection cost afterwards, but they had already seized our property at that point in time. They needed to release it. They could go to court any time after they want. We were entitled to a pre-deprivation remedy, a pre-deprivation procedure. They didn't give us one. What they're talking about by being able to go in afterwards is a post-deprivation remedy, and that's not proper under the Constitution in this instance. And as far as the state cases that we cited, our right in real property in Illinois and our right to our money is both a creature of state law and federal law. But we cited the Supreme Court McKesson case on money paid to alleviate a seizure is not paid voluntarily. Thank you. Okay. Well, thank you very much for the counsel.